By the Court.
 

 This is an original suit in mandamus in this court brought by the Attorney General. The petition states that the board of county commissioners of Paulding county long prior to August 10, 1926, established in that county a county agricultural agent, pursuant to Section 9921-1
 
 et seq.,
 
 General Code of Ohio; that subsequently, and pursuant to the filing of a petition with the county auditor, signed by not less than 5 per cent, of the qualified electors resident of said county, said board of county commissioners on August 10, 1926, caused to be submitted to the voters the question of making further provision for said agricultural agent, pursuant to Section 9921-5, General Code, and at such election a majority of the electors vot
 
 *429
 
 ing on the question voted in favor of the employment of an agricultural agent; that on October 2, 1926, the board of trustees of the Ohio State University, acting pursuant to Section 9921-5, General Code, passed a resolution setting forth in full the petition wherein the board of county commissioners of Paulding county was requested to appropriate the sum of $1,500 per annum for the support of agricultural extension work in that county; that said board of county commissioners has wholly failed, neglected, and refused to appropriate said sum of $1,500 to be used for the purposes specified, but on the contrary, on December 17, 1926, adopted a resolution rejecting said request, setting forth in said resolution as a reason for their action that on August 30, 1926, said board had passed a resolution appropriating $1,000 for such purpose. The prayer is for a writ requiring the members of the board of county commissioners to set apart and appropriate the sum of $1,500 for the purposes stated, and requiring the transmission thereof to the state treasurer.
 

 A demurrer challenges the petition upon the grounds that the plaintiff has not legal capacity to sue, that there is a defect in the party plaintiff, and that the petition does not state facts sufficient to constitute a cause of action.
 

 We are of the opinion that the Attorney General, being the chief law officer of the state and all the departments thereof, has authority to institute an action in mandamus against a public officer to require him to discharge a duty placed upon him by a mandatory statute, and it is not fatal to such
 
 *430
 
 pleading that the fact of election
 
 and
 
 incumbency of the Attorney General is not set up.
 

 Section 9921-1 and following sections of the General Code were enacted pursuant to the passage of an act of the national Congress on May 8, 1914, known as the Agricultural Extension Act (U. S. Comp. Stats., Sections 8877a-8877h), the purpose of which, as indicated by its title, was to provide for co-operative agricultural extension work between colleges, the several states receiving the benefits of an act of Congress approved July 2, 1862 (12 Stat., 503), and acts supplementary thereto, and the United States Department of Agriculture. By the provisions of Section 9921-4, General Code, the board of county commissioners is authorized to act, and empowered to make appropriations for the purpose therein stated, but where the board of county commissioners does not initiate such proceeding authority is conferred by the Legislature, in Section 9921-5, General Code, upon the electors to determine the question, and, if a majority is favorable, then the county commissioners are required to make appropriations for said work in such amount as the trustees of the Ohio State University may direct, for a period of 5 years, but not exceeding $1,500 annually.
 

 .The petition of the relator is based upon the theory that the county commissioners had not made provision for an agricultural agent, as authorized by said act, and that therefore by reason of the filing of the referendum petition, and the action of the electors of the county thereon, the method provided by Section 9921-5, General Code, is to be followed and the mandatory provisions
 
 *431
 
 of that section are applicable. This theory is tenable were it not for the allegation in the petition that:
 

 “Said board of county commissioners of Paulding county, Ohio, long prior to August 10, 1926, established in said county a county agricultural agent, pursuant to Section 9921-1
 
 et seq.,
 
 General Code of Ohio.”
 

 Prom that averment it appears that the board of county commissioners had acted voluntarily, under the provisions of Section 9921-4, General Code, and that the action of the said board in thereafter making an appropriation of $1,000, for the purpose stated, was pursuant to the jurisdiction which it is alleged such board had voluntarily assumed under the provisions of said act when it established a county agricultural agent in said county.
 

 The petition does not seem to be entirely consistent, and because of the averments referred to, it is our conclusion that it does not clearly appear therefrom that the relator is entitled to the writ prayed for.
 

 Demurrer sustained.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.