THE STATE, EX REL. MATASY, APPELLANT, *v.* MORLEY, JUDGE, APPELLEE.

[Cite as State, ex rel. Matasy, *v.* Morley (1986), 25 Ohio St. 3d 22.]

(No. 86-312—Decided July 9, 1986.)

*Louis E. Katz,* for appellant.

*William M. Marshall, Jr.,* and *John B. Juhasz,* for appellee.

*Per Curiam.* Appellant challenges the authority of a probate judge to appoint someone other than one selected by the executor or administrator of an estate to act as the appraiser of that estate. In addition, appellant objects to the court's revision of Standard Probate Form 3.0.

Pursuant to this court's holding in *State, ex rel. Skilton,* v. *Miller* (1955), 164 Ohio St. 163 [57 O.O. 145], paragraph two of the syllabus, where "no legal right of a person can be affected by the failure of a public official to act in any given manner, such person does not have a beneficial interest such as will permit him to maintain an action in mandamus to require such official to so act." Similarly, a prohibition action may only be commenced by a person who is either a party to the proceeding sought to be prohibited, *State, ex rel. Pratt,* v. *Earhart* (1956), 164 Ohio St. 480 [58 O.O. 324], or demonstrates an injury in fact to a legally protected interest. *State, ex rel. Dayton Newspapers,* v. *Phillips* (1976), 46 Ohio St. 2d 457 [75 O.O.2d 511].

In the case at bar, we fail to see how any beneficial interest of appellant may be said to be adversely affected by the actions at issue. R.C. 2115.06 requires that estates "be appraised by one suitable disinterested person appointed by the executor or administrator, subject to the approval of the court * * *." Clearly, this language subjects appellant's right to serve as the appraiser of any estate upon the approval of the court. In the absence of such approval, appellant has no legal interest which may be affected by the court's selection of another appraiser.

Likewise, appellant has failed to establish any legal interest affected by the court's revision of Standard Probate Form 3.0.

For the reasons set forth herein, we hereby affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in judgment only.

HOLMES, J., not participating.