THE STATE EX REL. CORDRAY, ATTY. GEN., APPELLEE, *v.* MARSHALL, JUDGE;

RAWLINS, APPELLANT.

[Cite as *State ex rel. Cordray v. Marshall,*

123 Ohio St.3d 229, 2009-Ohio-4986.]

*Prohibition — Attorney general — Standing of attorney general to bring action*

*seeking writ to compel judge to vacate entries granting relief to defendant*

*convicted of murder whose appeal on same grounds was rejected —*

*Attorney general has common-law standing as chief law officer of state to*

*act in public interest — Judge was patently and unambiguously without*

*jurisdiction to vacate conviction already affirmed on appeal on grounds*

*that were rejected on appeal — Writ granted.*

(No. 2009-0025 — Submitted August 11, 2009 — Decided September 30, 2009.)

APPEAL from the Court of Appeals for Scioto County, No. 05CA3004,

2008-Ohio-6341.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment granting appellee, Ohio Attorney General Richard Cordray,[1] a writ of prohibition compelling a common pleas judge to vacate certain entries in favor of appellant, Adrian Rawlins, and to immediately return him to prison. The writ compels Scioto County Court of Common Pleas Judge William T. Marshall to vacate the entries granting Rawlins relief from his murder conviction and sentence, convicting him of voluntary manslaughter, and releasing him from prison and also compels the judge to immediately return Rawlins to prison to continue serving the original murder

---

1. This case was originally instituted by then attorney general Jim Petro and has been continued by the various successor attorneys general, up to and including current Attorney General Richard Cordray. See S.Ct.Prac.R. X(2) and Civ.R. 25(D)(1).

sentence. Because the attorney general has common-law standing to institute this prohibition action and Judge Marshall patently and unambiguously lacked jurisdiction to vacate the murder conviction based on grounds that had previously been rejected by the court of appeals in Rawlins's direct appeal, we affirm the judgment granting the writ.

## Facts

### *Murder Conviction and Appeal*

{¶ 2} In April 1997, Rawlins shot and killed James Thomas, who had been having an affair with Rawlins's wife. Rawlins shot Thomas three times, including at least once from close range. Rawlins was charged with aggravated murder and a firearm specification. Following trial, a jury convicted Rawlins of murder with the firearm specification, and the Scioto County Court of Common Pleas sentenced him to a prison term of 15 years to life.

{¶ 3} On appeal, the Court of Appeals for Scioto County affirmed. *State v. Rawlins* (Dec. 24, 1998), Scioto App. No. 97CA2539, 1998 WL 961056. The court of appeals rejected Rawlins's claims that the trial court erred by refusing to instruct the jury on the lesser offenses of involuntary manslaughter and voluntary manslaughter. Id. at *4-7. The court of appeals concluded that under any reasonable view of the evidence, the victim's death was purposeful and the alleged provocation was not reasonably sufficient to have incited Rawlins to use deadly force. Id. at * 4, 7. We did not accept Rawlins's discretionary appeal for review. *State v. Rawlins* (1999), 85 Ohio St.3d 1489, 709 N.E.2d 1216.

### *Motion for Relief from Judgment*

{¶ 4} In 2003, Rawlins filed a motion in the common pleas court for relief from the judgment of conviction and sentence pursuant to Crim.R. 57(B)[2]

---

2. Crim.R. 57(B) provides, "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall

and Civ.R. 60(B). Rawlins raised the same claims in his motion that he had in his previous, unsuccessful direct appeal. The Scioto County Prosecuting Attorney at that time filed a response opposing the motion.

**{¶ 5}** In March 2005, Judge Marshall, who had not presided over Rawlins's trial, held a hearing on Rawlins's motion for relief from judgment. At the hearing, the judge orally granted the motion, accepted Rawlins's plea of guilty to voluntary manslaughter, sentenced Rawlins to ten years' imprisonment, and granted Rawlins a judicial release from prison. A new prosecuting attorney had taken office since the initial trial and the filing of the motion for relief from judgment. At the hearing, the assistant prosecuting attorney representing the state informed Judge Marshall that the state had no objection to Rawlins's motion for relief from judgment. The judge then noted that "the Court will make a finding with no objection from the State of Ohio that the verdict was against the manifest weight of the evidence and instead they should have been instructed on Voluntary Manslaughter * * *."

**{¶ 6}** In journal entries dated March 23, 2005, Judge Marshall granted Rawlins's motion for relief, convicted him of voluntary manslaughter, sentenced him to ten years in prison, and then released him. A couple of weeks later, the judge journalized detailed findings of fact and conclusions of law. He found that Rawlins was entitled to the requested relief from his murder conviction because "[f]ailing to instruct the jury on involuntary and voluntary manslaughter violated [Rawlins's] Sixth Amendment right to a jury trial and his Fifth Amendment due process right to have the law accurately stated." He concluded that the evidence introduced at trial warranted jury instructions on the lesser offenses of voluntary manslaughter and involuntary manslaughter.

*Prohibition Case*

look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."

**{¶ 7}** In May 2005, then attorney general Jim Petro filed a complaint in the Scioto County Court of Appeals for a writ of prohibition to compel Judge Marshall to vacate his entries granting Rawlins's motion for relief from judgment, convicting him of voluntary manslaughter instead of murder, and releasing him from prison. After Judge Marshall filed an answer and he and the parties submitted briefs, the court of appeals granted the writ. *State ex rel. Petro v. Marshall*, Scioto App. No. 05CA3004, 2006-Ohio-5357. Rawlins was then arrested and returned to prison to continue serving his murder sentence. Until that time, he had not been notified about the prohibition case.

*Intervention, Appeal, and Remand*

**{¶ 8}** Three weeks after the court of appeals granted the writ, Rawlins filed a motion to intervene as a respondent in the prohibition case as well as a motion for relief from judgment. The court of appeals granted the motion to intervene and ordered the parties to file responses to the motion for relief from judgment. Rawlins appealed the judgment granting the writ to this court and also filed a motion for a limited remand so that the court of appeals could rule on his pending motion for relief from judgment. We granted the motion and remanded the cause for the court of appeals to rule on Rawlins's motion for relief from judgment. *State ex rel. Petro v. Marshall*, 112 Ohio St.3d 1418, 2006-Ohio-6712, 859 N.E.2d 557.

**{¶ 9}** On remand, the court of appeals granted Rawlins's motion and vacated its previous judgment granting the writ of prohibition. The court ordered that the parties submit evidence and briefs on the attorney general's prohibition claim and further ordered that Rawlins remain in prison during the pendency of the case. We granted Rawlins's application to dismiss his appeal from the vacated judgment. *State ex rel. Dann v. Marshall*, 114 Ohio St.3d 1496, 2007-Ohio-4160, 871 N.E.2d 1197.

**{¶ 10}** In November 2008, the court of appeals again granted the writ "[b]ecause Judge Marshall did not have jurisdiction to grant Rawlins' Civ.R. 60(B) motion." *State ex rel. Rogers v. Marshall*, Scioto App. No. 05CA3004, 2008-Ohio-6341, ¶ 39.

**{¶ 11}** This cause is now before the court upon Rawlins's appeal as of right.

### Legal Analysis

*Standing*

**{¶ 12}** "Before an Ohio court can consider the merits of a legal claim, the person or entity seeking relief must establish standing to sue." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce, Div. of State Fire Marshal*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27; *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 22. In general, "a prohibition action may only be commenced by a person who is either a party to the proceeding sought to be prohibited * * * or [who] demonstrates an injury in fact to a legally protected interest." *State ex rel. Matasy v. Morley* (1986), 25 Ohio St.3d 22, 23, 25 OBR 18, 494 N.E.2d 1146.

**{¶ 13}** The court of appeals determined that the attorney general had common-law standing to institute the prohibition action. *Rogers*, 2008-Ohio-6341, at ¶ 14-19. Rawlins asserts that the court of appeals erred in so holding.

**{¶ 14}** In Ohio, the attorney general is a constitutional officer. Section 1, Article III, Ohio Constitution. In addition, the General Assembly has recognized the attorney general's status as the chief law officer for the state and has set forth the following duties:

**{¶ 15}** "The attorney general is the chief law officer for the state and all its departments and shall be provided with adequate office space in Columbus. Except as provided in division (E) of section 120.06 and in sections 3517.152 to 3517.157 of the Revised Code, no state officer or board, or head of a department

or institution of the state shall employ, or be represented by, other counsel or attorneys at law. The attorney general shall appear for the state in the trial and argument of all civil and criminal causes in the supreme court in which the state is directly or indirectly interested. When required by the governor or the general assembly, the attorney general shall appear for the state in any court or tribunal in a cause in which the state is a party, or in which the state is directly interested. Upon the written request of the governor, the attorney general shall prosecute any person indicted for a crime." R.C. 109.02.

{¶ 16} Rawlins asserts that the attorney general's liberal interpretation of his powers would render R.C. Chapter 109 meaningless. In essence, Rawlins contends that the attorney general's powers should be restricted to those specified by the General Assembly and that the attorney general thus has no standing in the underlying prohibition case because the case was not instituted in this court, and neither the governor nor the General Assembly requested that the attorney general bring the action.

{¶ 17} Rawlins's assertion is incorrect.

{¶ 18} We have held that "when these constitutions were adopted (both state and federal), they were adopted with a recognition of established contemporaneous common-law principles; and * * * they did not repudiate, but cherished, the established common law." *State v. Wing* (1902), 66 Ohio St. 407, 420, 64 N.E. 514. " '[T]he general assembly will not be presumed to have intended to abrogate a settled rule of the common law unless the language used in a statute clearly supports such intention.' " *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, ¶ 29, quoting *State ex rel. Hunt v. Fronizer* (1907), 77 Ohio St. 7, 16, 82 N.E. 518. Nothing in R.C. Chapter 109 appears to abrogate the attorney general's common-law powers within the limited context of this case.

**{¶ 19}** In *State ex rel. Little v. Dayton & South-Eastern RR. Co.* (1881), 36 Ohio St. 434, we held that the attorney general has common-law – as well as statutory – authority to institute suits on behalf of the public and that the attorney general could bring the suit "without a relator." Id. at 440. Similarly, in *State ex rel. Crabbe v. Plumb* (1927), 116 Ohio St. 428, 430, 156 N.E. 457, we held that "the Attorney General, being the chief law officer of the state and all the departments thereof, has authority to institute an action in mandamus against a public officer of the state to require him to discharge a duty placed upon him by a mandatory statute * * *."

**{¶ 20}** As the court of appeals persuasively concluded in granting the writ, "[e]qually important legal interests are at stake here in the attorney general's efforts to obtain the common law writ of prohibition. If the attorney general can enjoin a public nuisance in the absence of an individual relator [as in *Little*], surely the attorney general can promote the proper allocation of judicial power among Ohio's courts, notwithstanding the absence of the prosecuting attorney's participation." *Rogers*, 2008-Ohio-6341, at ¶ 17.

**{¶ 21}** Further, Rawlins mistakenly contends that the presence of the prosecuting attorney during the proceeding before Judge Marshall to vacate the murder conviction adequately represented the state's interests so that the attorney general is precluded from collaterally asserting the state's interests in a prohibition case.

**{¶ 22}** The attorney general did not directly interfere with the local prosecutor's criminal prosecution of Rawlins. Instead, as the court of appeals concluded, the attorney general "filed a distinct civil action that seeks to prohibit a court from acting where it purportedly lacks jurisdiction." *Rogers*, 2008-Ohio-6341, at ¶ 18.

**{¶ 23}** Given the unique, limited nature of the attorney general's exercise of authority in this matter and the important statewide interests in reinstating a

murder conviction vacated by a court without jurisdiction to do so, we hold that the attorney general had the requisite common-law standing to commence the prohibition action against Judge Marshall. The exercise of this authority under the unique, limited facts of this case is consistent with the common-law powers of the majority of state attorneys general. See generally Myers and Ross, State Attorneys General, Powers and Responsibilities (2 Ed.2007) 40.

*Prohibition Claim*

{¶ 24} The court of appeals granted the attorney general a writ of prohibition to compel Judge Marshall to vacate his entries granting Rawlins relief from his murder conviction and sentence, convicting him of voluntary manslaughter, and releasing him from prison. The writ further ordered the judge to immediately return Rawlins to prison to continue serving his murder sentence.

{¶ 25} To be entitled to the requested writ of prohibition, the attorney general had to establish that (1) Judge Marshall was about to exercise judicial or quasi-judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy existed in the ordinary course of law. *State ex rel. Furnas v. Monnin*, 120 Ohio St.3d 279, 2008-Ohio-5569, 898 N.E.2d 573, ¶ 10. It is uncontroverted that Judge Marshall exercised judicial power in the underlying criminal case by vacating Rawlins's murder conviction and releasing him from prison.

{¶ 26} For the remaining requirements, "[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. The dispositive issue is whether Judge Marshall patently and unambiguously lacked jurisdiction to vacate Rawlins's murder conviction and release him from prison.

*Patent and Unambiguous Lack of Jurisdiction*

**{¶ 27}** This case involves the doctrine of the law of the case. "The law of the case is a longstanding doctrine in Ohio jurisprudence." *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15. "The portion of the [law-of-the-case] doctrine generally applied in extraordinary-writ cases provides that '[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.' " *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549, quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus; *State ex rel. Non-Employees of Chateau Estates Resident Assn. v. Kessler*, 107 Ohio St.3d 197, 2005-Ohio-6182, 837 N.E.2d 778, ¶ 14. "The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Hopkins*, at ¶ 15; *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404, 659 N.E.2d 781.

**{¶ 28}** Under the pertinent portion of the law-of-the-case doctrine, " 'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " *Hopkins*, at ¶ 15, quoting *Nolan*, 11 Ohio St.3d at 3, 11 OBR 1, 462 N.E.2d 410.

**{¶ 29}** Rawlins first claims that the law of the case did not prevent Judge Marshall from vacating his murder conviction and releasing him from prison because the transcript of the hearing on his motion for relief from judgment established that the judge granted the motion based, in part, on the conviction's being against the manifest weight of the evidence, a claim that had not been raised by the parties or addressed by the court of appeals in his prior appeal.

**{¶ 30}** Rawlins's claim lacks merit. In his subsequently journalized findings of fact, Judge Marshall found that the sole basis for his judgment

granting Rawlins's motion for relief from the murder conviction and sentence was the common pleas court's refusal to instruct the jury on voluntary and involuntary manslaughter.

{¶ 31} Rawlins next asserts that any failure by Judge Marshall to comply with the law of the case was a nonjurisdictional defect that is not cognizable by extraordinary relief in prohibition. As a general rule, courts of common pleas have jurisdiction to rule on postjudgment motions, including motions for relief from judgment. See, e.g., *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110 ("In that [the common pleas court judge] possessed jurisdiction to rule on the Civ.R. 60(B) motion, the fact that she may have exercised that jurisdiction erroneously does not give rise to extraordinary relief by prohibition"); *State ex rel. Gyurcsik v. Angelotta* (1977), 50 Ohio St.2d 345, 4 O.O.3d 482, 364 N.E.2d 284 (writ of prohibition denied in case in which trial court granted relief from judgment based on Civ.R. 60(B)(5)).

{¶ 32} Rawlins's assertion, however, is again mistaken. We have expressly held that the Ohio Constitution "does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals." *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 391 N.E.2d 343; *State ex rel. Heck v. Kessler* (1995), 72 Ohio St.3d 98, 104, 647 N.E.2d 792. Therefore, "a writ of prohibition is an appropriate remedy to prevent a lower court from proceeding contrary to the mandate of a superior court." *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 182, 652 N.E.2d 742; *State ex rel. Smith v. O'Connor* (1995), 71 Ohio St.3d 660, 662, 646 N.E.2d 1115.

{¶ 33} Similarly, in *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 9 O.O.3d 88, 378 N.E.2d 162, we granted a writ of prohibition to prevent a trial from proceeding when the trial court had granted a motion to withdraw a guilty plea after the conviction and

sentence based on the plea had been affirmed on appeal. By so holding, we concluded that the trial court had no power to vacate a judgment that has been affirmed by the appellate court, "for this action would affect the decision of the reviewing court, which is not within the power of a trial court to do." Id., 55 Ohio St.2d at 98, 9 O.O.3d 88, 378 N.E.2d 162.

{¶ 34} Notwithstanding Rawlins's claim to the contrary, we did not overrule *Potain*, 59 Ohio St.2d 29, 13 O.O.3d 17, 391 N.E.2d 343, sub silentio in *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, and *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. Neither *Payne* nor *Pratts* involved a lower court's disregarding the mandate of a reviewing court in a prior appeal in the same case.

{¶ 35} Rawlins's reliance on our dismissal of an original action instituted by a former attorney general for writs of mandamus and prohibition is also misplaced. See *State ex rel. Montgomery v. Bolt-Meredith* (2000), 89 Ohio St.3d 1475, 733 N.E.2d 250. That case was not premised upon the law of the case or our holding in *Potain*. Unlike in this case, *Montgomery* sought to vacate a trial court order granting relief to a defendant on grounds not resolved in the previous appeal. While new arguments are barred by the res judicata portion of the law-of-the-case doctrine, see *Creed*, 74 Ohio St.3d at 405, 659 N.E.2d 781, res judicata – unlike the portion of the law-of-the-case doctrine at issue here – is not a basis for extraordinary relief in prohibition. See *State ex rel. Nationwide Mut. Ins. Co. v. Henson*, 96 Ohio St.3d 33, 2002-Ohio-2851, 770 N.E.2d 580, ¶ 11; *State ex rel. Whiteside v. Fais* (2001), 91 Ohio St.3d 463, 464, 746 N.E.2d 1113. And the preeminent claim in *Montgomery* was whether the Crim.R. 33(B) new-trial timeliness requirements were jurisdictional. There is no comparable claim at issue here.

{¶ 36} For these reasons, Judge Marshall's exercise of jurisdiction to grant the motion on the same grounds that had been previously rejected on appeal

in the same case was unauthorized. Moreover, this lack of jurisdiction was patent and unambiguous. Under these circumstances, Rawlins's argument that the state has an adequate remedy in the ordinary course of law through its local representative – the prosecuting attorney – is thus without merit. "Where jurisdiction is patently and unambiguously lacking, [a relator] need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

*Res Judicata, Waiver, and Laches*

{¶ 37} Rawlins finally claims that res judicata, waiver, and laches barred the attorney general's prohibition claim.

{¶ 38} These defenses are inapplicable here. Res judicata "presupposes a judgment entered by a court of competent jurisdiction." *State ex rel. Rose v. Ohio Dept. of Rehab. and Corr.* (2001), 91 Ohio St.3d 453, 455, 746 N.E.2d 1103. Judge Marshall lacked jurisdiction to disregard the mandate of the court of appeals established in Rawlins's direct appeal when Rawlins's motion raised the same claims.

{¶ 39} Nor can waiver apply to a challenge to the subject-matter jurisdiction of a court. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 45.

{¶ 40} Laches is also inapplicable because Rawlins ultimately received a full and fair opportunity to contest the writ sought by the attorney general. See *State ex rel. King v. Summit Cty. Council*, 99 Ohio St.3d 172, 2003-Ohio-3050, 789 N.E.2d 1108, ¶ 29, quoting *State ex rel. Roadway Express v. Indus. Comm.* (1998), 82 Ohio St.3d 510, 514, 696 N.E.2d 1064 ("for laches to apply, 'prejudice is ordinarily represented by a respondent's inability to defend due to the passage of time' "). Rawlins's ability to defend against the attorney general's prohibition claim was not prejudiced here.

*Oral Argument*

**{¶ 41}** We deny Rawlins's motion for oral argument. This case does not involve issues of factual complexity, substantive constitutional considerations, or conflict between courts of appeals. And although this appeal does raise interesting issues of arguable legal significance, the parties' briefs are sufficient to permit a resolution of the case. See *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 32; *State ex rel. Allen v. Warren Cty. Bd. of Elections*, 115 Ohio St.3d 186, 2007-Ohio-4752, 874 N.E.2d 507, ¶ 21.

**Conclusion**

**{¶ 42}** Therefore, for the foregoing reasons, under the narrow facts presented in this specific case, the attorney general possessed common-law standing to bring the prohibition action, and he established his entitlement to the writ. Judge Marshall patently and unambiguously lacked jurisdiction to grant a motion for relief from a murder conviction and sentence based on claims that had previously been rejected by the court of appeals in an appeal in the same case. Consequently, we affirm the judgment of the court of appeals granting the writ of prohibition. By so holding, we need not address the attorney general's alternate argument for affirmance – that Judge Marshall lacked jurisdiction over Rawlins's motion for relief from judgment, which should have been treated as an untimely petition for postconviction relief.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and Elisabeth A. Long and M. Scott Criss, Assistant Attorneys General, for appellee.

Timothy Young, State Public Defender, and Stephen P. Hardwick, Assistant State Public Defender, for appellant.

_____