[Cite as *State v. Vance*, 2011-Ohio-780.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

STATE OF OHIO,                                  :        Case No. 10CA4

    Plaintiff-Appellee,                         :

    v.                                          :        DECISION AND
                                                :        JUDGMENT ENTRY

RONALD W. VANCE,                               :        **RELEASED 02/11/11**

    Defendant-Appellant.                        :
_____
APPEARANCES:

Denise L. Bunce, Pomeroy, Ohio, for appellant.

Colleen S. Williams, MEIGS COUNTY PROSECUTOR, and Matthew J. Donahue, MEIGS COUNTY ASSISTANT PROSECUTOR, Pomeroy, Ohio, for appellee.
_____
Harsha, P.J.

{¶1}    Ronald Vance appeals his sentences on two counts of gross sexual imposition ("GSI").  In 2000, Vance pleaded guilty to the charges, and the trial court sentenced him to an aggregate prison term of ten years.  However, the court failed to properly impose postrelease control at that time, rendering that portion of Vance's sentences void.  In February 2010, the trial court held a hearing to address the sentencing problem and imposed the same sentences as before but with additional postrelease control notifications.  Although Vance has completed the prison term, he objects to the postrelease control obligations.

{¶2}    Vance contends that the trial court failed to conduct a true de novo sentencing hearing before it sentenced him in 2010.  However, the Supreme Court of Ohio recently limited the scope of this class of resentencing hearings to the proper imposition of postrelease control.  Accordingly, we instruct the trial court to vacate the

February 2010 sentencing entry and to file an amended entry that mirrors the original

sentence and adds the proper postrelease control provisions.  In all other regards, we

reject Vance's assignment of error.

## I.  Facts

{¶3}    In April 2000, the Meigs County Grand Jury indicted Vance on one count

of GSI and one count of rape, which the trial court later amended to another count of

GSI.  Vance pleaded guilty to both counts of GSI, felonies of the third degree, in

violation of R.C. 2907.05(A).  In August 2000, the court sentenced him to prison and

found that he was a sexual predator, as defined in R.C. Chapter 2950.  The court made

the following comments in the sentencing entry concerning postrelease control:

> After prison release, if post-release control is imposed, for violating
> post release control conditions, the adult parole authority or parole board
> could impose a more restrictive or longer control sanction, return
> defendant to prison for up to nine months for each violation, up to a
> maximum of 50% of the stated term.  If the violation is a new felony
> defendant may receive a new prison term of the greater of one year or the
> time remaining on post release control.

{¶4}    In December 2009, the State notified the court that the original sentencing

entry failed to properly impose postrelease control and requested a hearing on the

matter, which occurred prior to Vance's release from prison.  At the February 2010

hearing, the court gave Vance, his attorney, and the State an opportunity to speak.

Then the trial court imposed the same sentence it imposed in August 2000 but with

additional postrelease control notifications.  Subsequently, the trial court issued a new

sentencing entry.  In the entry, the court characterized the hearing as a "de novo

sentencing hearing" and outlined the parameters of Vance's new sentence.  This appeal

followed.

## II.  Assignment of Error

**{¶5}**   Vance assigns one error for our review:

THE TRIAL COURT ERRED BY FAILING TO PROVIDE APPELLANT WITH A PROPER DE NOVO SENTENCING HEARING, AS REQUIRED BY STATUTE AND THE OHIO SUPREME COURT, PRIOR TO APPELLANT COMPLETING HIS SENTENCE.

## III.  De Novo Sentencing Hearing

**{¶6}**   Vance pleaded guilty to two counts of GSI, both felony sex offenses.  See R.C. 2967.28(A)(3).  After the trial court imposed a prison term for these offenses, it should have notified Vance that he was subject to a mandatory five-year period of postrelease control.  R.C. 2967.28(B)(1); R.C. 2929.19(B).  However, the court failed to do so in the August 2000 sentencing entry.

**{¶7}**   In *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at syllabus, the Supreme Court of Ohio held:  "When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void.  The offender is entitled to a new sentencing hearing for that particular offense."  See, also, *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at syllabus.

**{¶8}**   In *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, the Court re-evaluated *Bezak*, *Simpkins*, and its other postrelease control precedent in light of R.C. 2929.191, effective July 11, 2006, which provides a statutory remedial procedure to correct a failure to properly impose postrelease control.  The Court held that:

1.  For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the

Supreme Court of Ohio.

2. For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191.

*Singleton* at paragraphs one and two of the syllabus.

{¶9} But recently, in *State v. Fischer*, Slip Opinion No. 2010-Ohio-6238, the Supreme Court of Ohio revisited its holding in *Bezak*. The Court held:

[W]e reaffirm the portion of the syllabus in *Bezak* that states "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void," but with the added proviso that only the offending portion of the sentence is subject to review and correction.

However, we now modify the second sentence in the *Bezak* syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which postrelease control was not imposed properly. It does not recognize a principle that we overlooked in *Bezak*: when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.

Therefore, we hold that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control. * * *

*Fischer* at ¶¶27-29 (internal citation omitted).

{¶10} Here, the trial court conducted the 2010 sentencing hearing (and Vance filed his appellate brief) prior to the release of *Fischer*, so its apparent effort at conducting a de novo hearing is not surprising. However, "[t]he general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision." *Peerless Elec. Co. v.*

*Bowers* (1955), 164 Ohio St. 209, 209, 129 N.E.2d 467 (per curiam).  A vested right is one that "so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent."  *Harden v. Ohio Atty. Gen.*, 101 Ohio St.3d 137, 2004-Ohio-382, 802 N.E.2d 1112, at ¶9, quoting Black's Law Dictionary (7th Ed.1999) 1324.  The *Fischer* Court did not declare that its decision was only prospective in operation.  Moreover, this case does not involve contractual rights, and Vance has no vested right in a de novo sentencing hearing for the correct portions of his original sentence.  Therefore, we apply *Fischer* in this case.

{¶11} Here, the trial court failed to properly impose postrelease control when it sentenced Vance in August 2000.  Thus, that part of his sentence for each GSI charge is void.  Vance was entitled to a new sentencing hearing limited to the proper imposition of postrelease control.  *Fischer*, supra.  Based on *Fischer*, Vance was not entitled to a de novo sentencing hearing for the non-void portions of his sentences (the prison terms and sexual offender classification), i.e., they became law of the case when Vance failed to file a direct appeal from the 2000 sentence.  See *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633.  Thus, we reject Vance's assignment of error.  However, to insure compliance with *Fischer* and *State v. Baker*, 1 19 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163,[1] this matter is remanded to the trial court for the limited purpose of issuing an amended entry that: 1.) deletes any reference to a "de novo" sentencing hearing; 2.) mirrors the original sentencing entry with the exception of the original, improper post-release control notifications; and 3.) adds the proper provisions for the imposition of post-release control.

JUDGMENT AFFIRMED WITH LIMITED REMAND.

---

[1] *Baker* sets out the one-document rule for final appealable orders in criminal cases.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED WITH LIMITED REMAND and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J., & Kline, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**