[Cite as *State v. Deaver*, 2011-Ohio-1393.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 10CA7 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| Stephen Wayne Deaver, | : | |
| Defendant-Appellant. | : | **RELEASED 03/18/11** |

_____
APPEARANCES:

Denise L. Bunce, Pomeroy, Ohio, for appellant.

Colleen S. Williams, Meigs County Prosecuting Attorney, and Matthew J. Donahue, Meigs County Assistant Prosecuting Attorney, Pomeroy, Ohio, for appellee.
_____
Harsha, P.J.

{¶1} Stephen Deaver appeals from the prison sentence imposed by the Meigs County Court of Common Pleas. The court held a resentencing hearing after it became apparent that it failed to advise Deaver of mandatory postrelease control sanctions in his original 2000 sentence. After properly advising Deaver of postrelease control sanctions, it imposed the same ten-year sentence it had in 2000.

{¶2} In this appeal, Deaver assigns a single error for our review. He contends that the court failed to conduct a de novo resentencing hearing, which he claims he was entitled to under various Supreme Court of Ohio decisions. We disagree. After Deaver filed this appeal, the Supreme Court of Ohio issued *State v. Fischer*, --- Ohio St.3d ---, 2010-Ohio-6238, --- N.E.2d ---, an opinion overruling its previous holdings that an offender who failed to receive postrelease control notice in his original sentence is entitled to a de novo resentencing hearing. In light of *Fischer*, the resentencing hearing

was limited to the proper imposition of postrelease control, i.e., Deaver was not entitled to a de novo resentencing hearing.  Therefore, we reject Deaver's assignment of error but remand for the limited purpose of an amended sentencing entry that complies with *Fischer.*

## I.  Factual Summary

**{¶3}**    In 2000, Deaver pleaded guilty to two third-degree felony counts of sexual battery.  The court sentenced him to two consecutive five-year terms on both counts, declared him a sexual offender, and indicated he could be subject to postrelease control upon release from prison.

**{¶4}**    In February 2010, the state filed a motion to correct Deaver's sentencing entry to indicate that Deaver is subject to five years of mandatory postrelease control. In March 2010, the trial court held a resentencing hearing where it advised Deaver of mandatory postrelease control and reimposed the remainder of the original prison term. In its sentencing entry the court indicated it conducted a "de novo" sentencing hearing. The Department of Corrections has since released Deaver from prison, and he is serving postrelease control.

## II. Assignment of Error

**{¶5}**    Deaver submits one assignment of error:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO PROPERLY CONDUCT A DE NOVO SENTENCING HEARING, PRIOR TO APPELLANT'S COMPLETION OF HIS SENTENCE.

## III. The Scope of Resentencing for Failure to Notify of Postrelease Control

**{¶6}**    In his sole assignment of error, Deaver contends that the trial court erred by failing to provide him with a de novo resentencing hearing, contrary to the Supreme

Court of Ohio's decisions in *State v. Beasley* (1984), 14 Ohio St.3d 74, 471 N.E.2d 774 (per curiam), *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, and other cases.

**{¶7}** After Deaver filed this appeal, the Supreme Court of Ohio overruled or largely altered its holdings in the cases cited above. In *Fischer*, supra, the Court reaffirmed that a sentence that failed to include the statutorily required postrelease control term is void. Id. at paragraph one of the syllabus. However, the only part of the sentence that is "void" is the portion that fails to comply with the requirements of postrelease control statutes. Therefore, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence * * * is void and must be set aside." Id. at ¶26. (Emphasis sic.) But "the new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of postrelease control." Id. at ¶29.

**{¶8}** In so holding, the Court has adhered to the line of reasoning in *State v. Saxon*, 109 Ohio St. 3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at paragraph three of the syllabus, where it held that a sentencing hearing on remand is limited to the issue found to be error on appeal. *Fischer* at ¶16. And the Court specifically rejected the line of reasoning that led it to the conclusion in *Bezak* that an offender who fails to receive notice of postrelease control is entitled to a de novo sentencing hearing. Id. at ¶28.

**{¶9}** Consequently, we reject Deaver's sole assignment of error. However, to insure compliance with *Fischer*[1] and *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-

---

[1] We apply *Fischer* retroactively. See, *State v. Vance*, Meigs App. No. 10CA4, 2011-Ohio-780, at ¶¶10-11, citing *Peerless Elec. Co. v. Bowers* (1955), 1964 Ohio St. 209, 129 N.E.2d 467.

3330, 893 N.E.2d 163[2] this matter is remanded to the trial court for the limited purpose of issuing an amended entry that: 1.) deletes any reference to a "de novo" sentencing hearing; 2.) mirrors the original sentencing entry with the exception of the original, improper post-release control notifications; and 3.) adds the proper provisions for the imposition of post-release control.  Additionally, the state noted in its appellee's brief a clerical error in the caption of the sentencing entry.  While the sentencing entry clearly refers to Deaver's conviction for two counts of Sexual Battery in violation of R.C. 2907.03, the caption refers to "Gross Sexual Imposition (Two Counts), 2907.05 O.R.C., Each a Felony of the Third Degree."  The trial court should correct this obvious clerical error when it issues the new sentencing entry in compliance with *Fischer*.

JUDGMENT AFFIRMED
WITH LIMITED REMAND.

---

[2] *Baker* sets out the one-document rule for final appealable orders in criminal cases.

**<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT IS AFFIRMED WITH LIMITED REMAND and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & Kline, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
       William H. Harsha, Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**