[Cite as *State v. Lincoln*, 2011-Ohio-6618.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | |
|---|---|
| STATE OF OHIO, | : |
| | : |
| Plaintiff-Appellee, | : Case No. 10CA16 |
| | : |
| vs. | : **Released: December 9, 2011** |
| | : |
| WESLEY DUANE LINCOLN, | : DECISION AND JUDGMENT |
| | : ENTRY |
| Defendant-Appellant. | : |

_____

APPEARANCES:

Chandra L. Ontko, Cambridge, Ohio, for Appellant.

James E. Schneider, Washington County Prosecutor, and Alison L. Cauthorn, Washington County Assistant Prosecutor, Marietta, Ohio, for Appellee.

_____

McFarland, J.:

**{¶1}** This is an appeal from a Washington County Court of Common Pleas judgment entry, issued after holding a re-sentencing hearing in order to properly impose a mandatory five year term of post release control. On appeal, Appellant contends that 1) the trial court's failure to include in the sentencing entry that the period of post release control was a mandatory period made his original sentence void; and 2) the trial court erred in not providing adequate notice to him of the re-sentencing hearing.

{¶2} In light of our conclusion that Appellant was properly resentenced in accordance with *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, Appellant's first assignment of error is overruled.  Further, although Appellant claimed insufficient notice of the hearing, as he appeared at the hearing, with counsel, was afforded an opportunity to make a statement and did not request a motion to continue, his second assignment of error is overruled.  Accordingly, the judgment of the trial court is affirmed.

FACTS

{¶3} On August 12, 2004, Appellant was originally sentenced to a ten year term of imprisonment after pleading guilty to rape, a felony of the first degree in violation of R.C. 2907.02(A)(1)(b).  In addition to imposing a prison term, the trial court advised Appellant that he was subject to a mandatory five year term of post release control.  However, the sentencing entry dated August 27, 2004, stated that Appellant "may be subject to a period of post release control in this case for five (5) years."

{¶4} On November 19, 2009, Appellant filed a motion for re-sentencing.  In response, on December 15, 2009, the trial court filed a nunc pro tunc entry ordering that Appellant "WILL BE SUBJECT to a period of Post Release Control for a period of five (5) years[.]"  There is no indication

from the record that a hearing was held prior to the issuance of this nunc pro tunc order. Subsequently, on April 16, 2009, the State filed a motion to return Appellant from the Noble Correctional Institution for a re-sentencing hearing on May 27, 2010. Appellant was transported and a re-sentencing hearing was held on May 27, 2009. Appellant was present at the hearing with counsel, who lodged objections on Appellant's behalf, including an objection that Appellant had not received sufficient notice of the hearing.

{¶5} The trial court, in re-sentencing Appellant, gave Appellant and his counsel an opportunity to make a statement, and then proceeded to re-sentence Appellant to the same terms as before, while correcting the language regarding the mandatory nature of post release control. A journal entry was filed by the trial court on June 3, 2009, and it is from this entry that Appellant brings his timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.   THE DEFENDANT ALLEGES THAT THE TRIAL COURT'S FAILURE TO INCLUDE IN THE SENTENCING ENTRY THAT THE DEFENDANT'S PERIOD OF POST RELEASE CONTROL WAS A MANDATORY PERIOD MADE HIS ORIGINAL SENTENCE VOID.

II.   THE DEFENDANT ALLEGED THAT THE TRIAL COURT ERRED IN NOT PROVIDING ADEQUATE NOTICE TO THE DEFENDANT OF THE RESENTENCING HEARING."

## ASSIGNMENT OF ERROR I

{¶6} In his first assignment of error, Appellant contends that the trial court's failure to include, in his original sentencing entry, that the period of post release control was a mandatory period made his original sentence void. Specifically, Appellant contends that the trial court was required to vacate his original sentence and re-sentence him, rather than just modify or correct his original sentence. The State responds by contending that Appellant was properly re-sentenced under R.C. 2929.191, in accordance with *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. Based upon the following, we disagree with the arguments advanced by both Appellant and the State.

{¶7} By enacting R.C. 2929.191, effective date July 11, 2006, the legislature promulgated a statutory remedy for trial courts to use to correct an error in imposing post release control. *State v. Singleton* at paragraph one of the syllabus. In *Singleton*, the Supreme Court of Ohio reasoned as follows with respect to the retroactive application of R.C. 2929.191:

"for sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio. However, for criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191."

Thus, R.C. 2929.191 applies only prospectively and essentially provides that if a trial court fails to properly impose post release control, after a hearing, it may issue a nunc pro tunc entry correcting the error.

{¶8} Appellant herein was sentenced prior to the effective date of R.C. 2929.191.  Thus, the reasoning set forth in *Singleton* would seem to dictate that the trial court conduct a de novo sentencing hearing.  However, after Appellant filed this appeal, the Supreme Court of Ohio overruled or largely altered its holdings in *Singleton* and its progeny. In *Fischer*, supra, the Court reaffirmed that a sentence that failed to include the statutorily required post release control term is void. Id.[1] at paragraph one of the syllabus. However, the only part of the sentence that is "void" is the portion that fails to comply with the requirements of post release control statutes. Therefore, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id . at ¶ 26.  But "the new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of postrelease control." Id. at ¶ 29.

{¶9} Here, the trial court first issued a nunc pro tunc entry without holding a hearing.  Subsequently, Appellant was conveyed from prison to

---

[1] We apply *Fischer* retroactively. See, *State v. Deaver*, Meigs App. No. 10CA7, 2011-Ohio-1393; *State v. Vance*, Meigs App. No. 10CA4, 2011-Ohio-780, at ¶¶ 10-11, citing *Peerless Elec. Co. v. Bowers* (1955), 1964 Ohio St. 209, 129 N.E.2d 467.

attend a re-sentencing hearing. At that hearing, Appellant was afforded counsel, as well as an opportunity to make a statement. The trial court's sentencing entry issued after the hearing properly included language indicating that the five year term of post release control was mandatory. The entry also stated that the hearing "was being conducted to make changes to the entry with regard to the post release control aspect of the order." As such, we conclude that the trial court's actions in conducting a hearing and issuing a corrected journal entry properly remedied the omission in the original sentencing entry and were in accordance with *State v. Fischer*, supra. Accordingly, Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

{¶10} In his second assignment of error, Appellant contends that the trial court erred in not providing him adequate notice of the re-sentencing hearing. Appellant claims that had he been provided with enough notice, he could have subpoenaed witnesses to speak on his behalf, which he argues, would have changed the sentence he received.

{¶11} In considering Appellant's first assignment of error, we determined that Appellant was properly re-sentenced in accordance with *State v. Fischer*, supra. As such, the trial court was not required to actually hold a de novo sentencing hearing. Instead, the trial court was simply

required to hold a re-sentencing hearing and issue a corrected entry. Appellant was permitted to attend the hearing in person, and was appointed counsel, who lodged objections on his behalf. Appellant was also permitted, though he declined, to make a statement. We further note that Appellant did not request a continuance.

{¶12} We conclude that considering the purpose of the hearing was limited to the proper imposition of mandatory post release control, a matter over which the trial court has no discretion, Appellant was not prejudiced by not being able to subpoena witnesses to speak on his behalf. Accordingly, Appellant's second assignment of error is overruled and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J., and Kline J: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**