[Cite as *State v. Reid*, 2012-Ohio-2666.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24841 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2001-CR-1371 |
| v. | : | |
| | : | |
| TYRONE REID | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of June, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

TYRONE REID, #438-902, North Central Correctional Institution, 670 Marion Williamsport Road, Post Office Box 1812, Marion, Ohio 43301
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

        {¶ 1}   Defendant-appellant Tyrone Reid appeals from a judgment of the trial court re-sentencing him on his convictions for Murder, with a firearm specification, and for

Having a Weapon Under a Disability, a felony of the fifth degree. The re-sentencing was to correct a defect in imposition of post-release control set forth in the original judgment entry. Most of the errors Reid assigns are controlled by *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, which limits the scope of a re-sentencing to correct an error in the imposition of post-release control to that issue.

{¶ 2} Reid also argues that he was unfairly prejudiced by delay by the State, because he would have obtained a de novo re-sentencing hearing under the law in effect before *State v. Fischer*, but for the State's delay, which caused the re-sentencing hearing to take place after *State v. Fischer* was decided. Even if this were deemed to constitute error in the trial proceedings, it would necessarily be harmless. Reid's eighteen-year-to-life sentence for Murder with the firearm specification was mandated by law. Therefore, a de novo sentencing hearing could not have produced a different result. And Reid's concurrent six-month sentence for Having a Weapon Under Disability had already been completed, so any procedural error with respect to that sentence would necessarily be moot.

## I. The Course of Proceedings

{¶ 3} Reid was charged by indictment with two counts of Murder, with a firearm specification, one count of Aggravated Robbery, and one count of Having a Weapon Under Disability, with a firearm specification, in connection with the 2001 shooting deaths of Cedron Brown and Billy Thomas. He was convicted of the Murder of Cedron Brown, with the firearm specification, and for Having a Weapon Under Disability, with the firearm specification. He was acquitted of the Murder of Billy Thomas and of Aggravated Robbery.

The facts are set forth in *State v. Reid*, 2d Dist. Montgomery No. 19729, 2003-Ohio-6079.

{¶ 4}   The two firearm specifications were merged.  Reid was sentenced to fifteen years to life for Murder, and to six months for Having a Weapon Under Disability, to be served concurrently.   He was sentenced to three years for the merged firearm specifications, to be served prior to, and consecutively to, the other sentences.   The judgment entry stated that Reid "will/may serve a period of post release control under the supervision of the parole board."   Reid appealed.   We affirmed.   *Id.*

{¶ 5}   On August 22, 2011, Reid appeared before the trial court for re-sentencing to correct error in the imposition of post-release control concerning the six-month sentence for Having a Weapon Under a Disability.   Reid sought a continuance. The trial court granted a continuance until September 19, 2011.   On that date, Reid raised a number of arguments, including an argument that he was entitled to a re-sentencing de novo. The trial court disagreed, and imposed the same sentence as before, but with the provision that:   "on **Count 4: Having Weapons While Under Disability (prior offense of violence) (F5)** the defendant **may**, if the Parole Board determines that a period of Post Release Control is necessary for the defendant, be supervised by the Parole Board for a period of **Three (3)** years Post-Release Control after the defendant's release from imprisonment."   (Emphasis in original.)

{¶ 6}   Reid appeals from the judgment entry re-sentencing him.


**II.   The Trial Court Was Not Required to Re-Sentence Reid De Novo**

{¶ 7}   Reid's First Assignment of Error is as follows: "TRIAL COURT

ERRED IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS WHEN IT FAILED TO VACATE, AND SUBSEQUENTLY REIMPOSED THE APPELLANT'S 'NULL AND VOID' *ATTEMPTED* SENTENCE, AND FAILED TO GRANT THE APPELLANT A FULL DE NOVO SENTENCING HEARING."

{¶ 8}    Reid contends that because his sentence, as first imposed, included an incomplete provision for post-release control, his sentence was completely void, and he was therefore entitled to a new sentencing hearing when he was re-sentenced in 2011. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, arguably supports that proposition, but that holding in *Bezak* has been expressly overruled by *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 36.

{¶ 9}    Under *Fischer*, it is clear that only the defective aspect of the sentence – the improper, or incomplete, imposition of post-release control – is void.  The remainder of the sentence is valid, and has res judicata effect.  *Id.*  Therefore, the scope of Reid's 2011 re-sentencing hearing was limited to correcting the imposition of post-release control.

{¶ 10}   Reid's First Assignment of Error is overruled.

### III.   The Delay in Correcting the Post-Release Control Aspect of Reid's Sentence Did Not Amount to a Prejudicial Delay Between the Verdict of Guilty and the Rendering of Judgment

{¶ 11}   Reid's Second Assignment of Error is as follows: "THE APPELLANT'S RIGHT TO DUE [PROCESS] WAS VIOLATED AND THE APPELLANT SUFFERED SUBSTANTIAL PREJUDICE FROM THE DELAY IN SENTENCING AND

RESENTENCING, IN THE FORM OF DESTROYED MATERIAL EVIDENCE WHICH HAD A CLEAR EXCULPATORY VALUE WHICH WAS IRREPLACABLE [sic]."

{¶ 12}   Here, Reid seems to be arguing that his initial sentence was completely void; therefore, there was an eight-year delay between the time the jury rendered its verdict and the time the trial court rendered its judgment of conviction and sentence, during which much valuable evidence was destroyed or lost.   This argument depends, crucially, upon the premise that the initial sentence was completely void.   But *State v. Fischer, supra,* holds that only the defective part of the initial sentence pertaining to post-release control is void; the remainder of the initial sentence is effective.   See Part II, above.

{¶ 13}   The trial court had no discretion to exercise with respect to the imposition of post-release control – it was required by statute to include a provision for post-release control, at the option of the Ohio Adult Parole Authority.   Therefore, the delay in imposing this aspect of Reid's sentence cannot have prejudiced him.   Furthermore, as the State notes, the error in the imposition of post-release control may be corrected at any time prior to the defendant's release from prison.   *State v. Fischer*, ¶ 40.

{¶ 14}   Reid's Second Assignment of Error is overruled.


**IV.   The Trial Court Did Not Lose Jurisdiction to Correct**

**the Imposition of Post-Release Control by Reason of Delay**

{¶ 15}   Reid's Third Assignment of Error is as follows: "THE TRIAL COURT WAS DIVESTED OF JURISDICTION TO SENTENCE APPELLANT BASED UPON THE UNNECESSARY DELAY OF 103 MONTHS FROM THE FINDING OF GUILT TO THE

IMPOSITION OF A VALID SENTENCE, AND 38 MONTHS SINCE THE INITIAL REMAND FOR 'RESENTENCING' DENYING THE APPELLANT HIS RIGHTS TO DUE PROCESS TO A FINAL APPEALABLE JUDGMENT WITHOUT UNNECESSARY DELAY PER CRIM.R. 32(A) AND THE U.S. CONST."

{¶ 16} Here, Reid appears to be re-arguing his Second Assignment of Error in jurisdictional terms; i.e., not only did the trial court err in delaying sentence, its delay divested it of jurisdiction. For all of the reasons set forth in Part III, above, dealing with Reid's Second Assignment of Error, we find this argument unconvincing. Under *State v. Fischer, supra,* ¶ 40, the defect in the provision for post-release control could be corrected at any time.

{¶ 17} Furthermore, under *State v. Fischer*, Reid's initial sentence was a final judgment from which an appeal could be taken, and, in fact, Reid appealed from it, and we rendered judgment in *State v. Reid, supra*. The delay in correcting the post-release control aspect of Reid's sentence did not deprive him of the opportunity to appeal from his conviction and sentence.

## V. The Correction of the Post-Release Control Aspect of Reid's Sentence

### Did Not Amount to Retroactive Application of R.C. 2929.191

{¶ 18} Reid's Fourth Assignment of Error is as follows: "THE TRIAL COURT ERRED WHEN IT 'RETROACTIVELY' APPLIED R.C. §2929.191 TO THE INSTANT CASE, IN VIOLATION OF SECT. 28 ART. II, OF THE OHIO CONST., DESPITE APPELLANT'S OBJECTIONS, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS."

**{¶ 19}** The Ohio General Assembly enacted its own remedy to the problem posed by sentences with omitted, or defective, post-release-control provisions in R.C. 2929.191, by providing that a trial court could correct the sentencing entry, nunc pro tunc. Reid contends that application of this law to him violates the Retroactive Laws provision in Section 28, Article II, of the Ohio Constitution.

**{¶ 20}** *State v. Fischer, supra*, ¶ 40, held, independently of R.C. 2929.191, that a sentence lacking a proper provision for post-release control is void, to that limited extent, and the void part of the sentence can be corrected at any time, without having to re-visit other aspects of the sentence. At the re-sentencing hearing, the trial court made it clear that it was proceeding under the authority of *State v. Fischer*. Therefore, even if Reid were correct in his assertion that R.C. 2929.191 could not be applied to his case because of the Retroactive Laws provision, it would be immaterial, since the trial court had the independent authority to correct its partially void sentence under *State v. Fischer*.

**{¶ 21}** Before *State v. Fischer*, the Supreme Court of Ohio held in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 35, that for sentences imposed before July 11, 2006 (which would include Reid's sentence), in which the trial court failed to properly impose post-release control, a full, de novo sentencing hearing is required, whereas for sentences imposed on or after that date, the nunc pro tunc correcting procedure set forth in R.C. 2929.191 could be used. But that holding in *Singleton* was predicated upon *State v. Bezak, supra*, which was overruled by *State v. Fischer*. Therefore, the holding in *State v. Singleton* has been effectively overruled by the holding in *State v. Fischer, supra*. *State v. Lincoln*, 4th Dist. Washington No. 10CA16, 2011-Ohio-6618, ¶ 8.

{¶ 22}   Reid's Fourth Assignment of Error is overruled.

**VI.   The Trial Court Was Not Required to Allow Reid to Present Evidence**

**in Mitigation at the Re-Sentencing Hearing, Which Was Limited in Scope**

**to the Correction of the Defective Provision for Post-Release Control**

{¶ 23}   Reid's Fifth Assignment of Error is as follows: "TRIAL COURT ERRED IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS WHEN IT DENIED APPELLANT THE RIGHT TO PRESENT MITIGATING EVIDENCE PURSUANT TO CRIM.R.32(A)(1), DESPITE APPELLANT VOICING HIS RIGHT TO DO SO."

{¶ 24}   Reid's Sixth Assignment of Error is as follows: "TRIAL COURT ERRED IN PREJUDICE OF THE APPELLANT DURING THE RESENTENCING HEARINGS WHEN IT DID NOT INFORM, AND PREVENTED THE APPELLANT FROM HIS CONSTITUTIONAL RIGHT TO COMPULSORY PROCESS, IN VIOLATION OF THE DUE PROCESS RIGHTS AFFORDED TO THE APPELLANT."

{¶ 25}   In both of these assignments of error, Reid complains that the trial court did not allow him to present evidence in mitigation at the 2011 re-sentencing hearing.  This argument depends upon Reid's assertion that he was entitled to a full, de novo sentencing hearing, at which evidence in mitigation would be appropriate.  But we have rejected this assertion.  Part II, above.

{¶ 26}   Since the scope of the 2011 re-sentencing hearing was limited to correcting the defect in the provision for post-release control, which was not subject to the trial court's discretion, evidence in mitigation was immaterial.  Reid's Fifth and Sixth assignments of

error are overruled.

### VII.  The Trial Court Did Not Render a Judgment Convicting Reid of Having a Weapon Under Disability as a Third-Degree Felony

{¶ 27}  Reid's Seventh Assignment of Error is as follows: "TRIAL COURT ERRED WHEN IT ENHANCED THE APPELLANT'S SENTENCE OF WEAPONS UNDER DISABILITY (FEL 5) TO WEAPONS UNDER DISABILITY (FEL 3), IN VIOLATION OF APPELLANT'S 5TH AMENDMENT RIGHT TO DUE PROCESS AND THE DOUBLE JEOPARDY CLAUSE."

{¶ 28}  When Reid committed the offense of Having a Weapon Under a Disability, it was a felony of the fifth degree.  It is now a felony of the third degree.  The genesis for this assignment of error is that when Reid appeared in court at the 2011 re-sentencing hearing, the trial court mistakenly referred to his Having a Weapon Under a Disability offense as a felony of the third degree.  But the judgment subsequently entered refers to the Having a Weapon Under a Disability offense as a felony of the fifth degree, for which Reid's six-month sentence is both appropriate, and the minimum sentence of incarceration.  A six-month sentence would not be within the statutory range for a felony of the third degree.

{¶ 29}  In Reid's Seventh Assignment of Error, he is complaining that the trial court violated his double-jeopardy rights by enhancing his conviction for Having a Weapon Under a Disability to a third-degree felony.  Of course, it did no such thing.  The judgment entry reflects, properly, that Reid was convicted of the offense as a fifth-degree felony.  The trial court merely mis-spoke at the sentencing hearing.

**{¶ 30}** Reid's Seventh Assignment of Error is overruled.

### VIII.   The Trial Court Did Not Violate R.C. 2943.032

**{¶ 31}**   Reid's Eighth Assignment of Error is as follows: "TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, WHEN IT FAILED TO FOLLOW, AND INFORM THE APPELLANT OF THE MANDATES STIPULATED IN R.C. 2943.032(E). THUS MAKING THE 'ATTEMPTED SENTENCE' VOID."

**{¶ 32}**   Before its revision in 2008, R.C. 2943.032 provided as follows:

Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:

(A) The parole board may extend the stated prison term if the defendant commits any criminal offense under the law of this state or the United States while serving the prison term.

(B) Any such extension will be done administratively as part of the defendant's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation.

(C) All such extensions of the stated prison term for all violations during the course of the term may not exceed one-half of the term's duration.

(D) The sentence imposed for the felony automatically includes any such

extension of the stated prison term by the parole board.

(E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months.

{¶ 33}  Today, R.C. 2943.032 is simpler, and contains no sub-divisions:

Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony, if the court imposes a prison term upon the defendant for the felony, and if the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months.

{¶ 34}  Both the pre- and post-2008 versions of R.C. 2943.032 impose a duty upon the trial court to explain the possible consequences of violations of a post-release control sanction to a defendant before accepting his plea of guilty or of no contest.   Reid did not plead guilty or no contest.  He was convicted by a jury.   Therefore, R.C. 2943.032, upon which he relies for this assignment of error, has no application to him.

{¶ 35}  In any event, the potential consequences of a violation of conditions of post-release control are set forth in the 2011 judgment entry, including, specifically, that he could be imprisoned for up to nine months.   Reid complains that he was not informed that he could be imprisoned for up to nine months for a violation.   He is obviously aware of that

now, and is on notice of that potential consequence before potentially being released subject to post-release control sanctions. That he was not informed of this potential consequence at his 2011 sentencing hearing cannot, therefore, have prejudiced him.

**{¶ 36}** Reid's Eighth Assignment of Error is overruled.

## IX. Trial Counsel Was Not Ineffective for Having Failed to Make the Arguments that Reid Claims Counsel Should Have Made, None of Which Have Merit

**{¶ 37}** Reid's Ninth Assignment of Error is as follows: "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE 6TH AND 14[TH] AMENDMENTS OF THE U.S. CONSTITUTION AND ART I SECTION 10 OF THE OHIO CONST; WHEN COUNSEL FAILED TO INFORM THE TRIAL COURT THAT IT WAS DIVESTED OF JURISDICTION TO SENTENCE APPELLANT BASED UPON THE DELAY IN SENTENCING AND RESENTENCING ALTHOUGH HE WAS INFORMED BY APPELLANT TO DO SO."

**{¶ 38}** Reid's Tenth Assignment of Error is as follows: "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE 6TH AND 14TH AMENDMENTS

OF THE U.S. CONST., AND ART I §10 OF THE OHIO CONST., WHEN APPOINTED COUNSEL FAILED TO ARGUE THAT THE APPELLANT SUFFERED SUBSTANTIAL PREJUDICE FROM THE DELAY IN SENTENCING, AND RESENTENCING."

**{¶ 39}** Reid's Eleventh Assignment of Error is as follows: "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE 6TH AND 14TH

AMENDMENTS OF THE U.S. CONST., AND ART I §10 OF THE OHIO CONST., WHEN COUNSEL FAILED TO SUBPOENA PURSUANT TO CRIM.R. 17(A), WITNESSES IN MITIGATION OF PUNISHMENT ALTHOUGH DIRECTED BY THE APPELLANT TO DO SO.   THIS ISSUE IS ALSO A PLAIN ERROR, PURSUANT TO CRIM.R. 52(B)."

{¶ 40}   In each of these assignments of error, Reid asserts that his trial counsel was ineffective for having failed to take certain actions at his re-sentencing.   But we have already decided that none of the arguments Reid says his counsel should have made were valid, and that Reid was not entitled to any of the relief that he says his counsel should have demanded.

{¶ 41}   The trial court was not divested of jurisdiction to re-sentence Reid, the predicate for his Ninth Assignment of Error.   See Part IV, above.

{¶ 42}   The delay between the verdict of guilty and Reid's re-sentencing did not amount to a prejudicial delay in rendering judgment on the verdict, the predicate for Reid's Tenth Assignment of Error.   See Part III, above.

{¶ 43}   The trial court was not required to allow Reid to present evidence in mitigation at the re-sentencing hearing, the predicate for Reid's Eleventh Assignment of Error.  See Part VI, above.

{¶ 44}   Reid's Ninth, Tenth, and Eleventh assignments of error are overruled.

## X.   Even If the State Unfairly Deprived Reid of the Right to a De Novo Sentencing Hearing that He Would Have Had Before *State v. Fischer* Was Decided, He Was Not Thereby Prejudiced with Respect to His Murder and Firearm Specification Sentences, and Any Adverse Effect

**Upon his Having a Weapon Under Disability Sentence Is Now Moot**

{¶ 45}  Reid's Twelfth Assignment of Error is as follows: "THE APPELLANT'S RIGHT TO DUE PROCESS WAS VIOLATED WHEN HIS JULY 28TH, 2008 DE NOVO REVIEW HEARING WAS INTENTIONALLY DELAYED BY THE STATE UNTIL AUGUST 22, 2011, TO GAIN A TACTICAL ADVANTAGE OVER THE APPELLANT, IN LIGHT OF *STATE V. FISCHER*, OR THROUGH NEGLIGENCE FAILED TO MAKE ANY EFFORT TO RESOLVE THE APPELLANT'S DE NOVO REVIEW HEARING."

{¶ 46}  In support of this assignment of error, Reid cites the following statement he made to the trial court at his re-sentencing hearing:

> The initial remand for re-sentencing was over three years ago, July of 2008. And no one came to get me.   There's – the factors involved in determining a delay in re-sentencing is if I suffered actual prejudice.

{¶ 47}  Reid argues that the delay in his re-sentencing is the fault of the State; and that the result of the delay was that *State v. Fischer, supra*, was decided in 2010, as a result of which he was no longer entitled to a de novo sentencing hearing.   This intentional or negligent act on the part of the State, he argues, had the effect of gaining a tactical advantage due to *State v. Fischer*.

{¶ 48}  Solely for the purposes of demonstrating that his argument cannot gain Reid a reversal of the judgment, we will assume that it is otherwise valid.

{¶ 49}  Had Reid been accorded a de novo sentencing hearing in 2008, it could not have affected his sentences for Murder and for the firearm specifications.   By statute, the sentence for Murder was required to be an indeterminate sentence of fifteen years to life.

And by statute, the sentence for the firearm specifications was required to be three years, to be served prior to, and consecutively to, his other sentences. The most extensive de novo sentencing hearing, with the assistance of the finest criminal defense lawyers in the country, could not have changed that outcome.

{¶ 50} With respect to his sentence for Having a Weapon While Under a Disability, Reid was sentenced to six months, to be served consecutively to, and after, the three-year sentence for the firearm specifications, but concurrently with the Murder sentence. That sentence has already been completed. According to Reid, at the 2011 sentencing hearing, his original sentence was imposed in January, 2003. Therefore, the three-year sentence for the firearm specifications, even without any jail-time credit, had to have been completed by January 31, 2006, at the latest, and the six-month sentence for Having a Weapon Under a Disability must have been completed by six months thereafter, July 31, 2006, at the latest.

{¶ 51} Therefore, any error that adversely affected Reid's sentence for Having a Weapon Under a Disability is necessarily moot. Of course, since Reid had been convicted of Murder, it is unlikely in the extreme that the trial court would have imposed anything less than a concurrent sentence of six months for the Having a Weapon Under a Disability offense, the minimum prison term for that offense.

{¶ 52} Reid's Twelfth Assignment of Error is overruled.

## XI. Conclusion

{¶ 53} All of Reid's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Tyrone Reid
Hon. Timothy N. O'Connell