[Cite as *Garrett v. Jackson*, 2025-Ohio-5516.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

GIFTED A. GARRETT,                    :

    Plaintiff-Appellee,           :

                                       No. 114939

    v.                            :

DEREK JACKSON,                        :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 11, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-956750

---

***Appearances:***

Derek Jackson, *pro se.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Derek Jackson ("Jackson") appeals the trial court's award of damages to plaintiff-appellee Gifted A. Garrett ("Garrett") after a de novo damages hearing. For the reasons stated below, the trial court's award of damages is affirmed.

## I. Relevant Facts and Procedural History

{¶ 2} This case has previously been on appeal in *Garrett v. Jackson*, 2024-Ohio-2902 (8th Dist.) ("*Jackson I*"). Most of the underlying facts can be found in *Jackson I*. The following facts are of relevance to this appeal: Garrett entered into a commercial lease agreement on May 6, 2020, to lease units at 12524 and 12526 Kinsman Avenue, Cleveland, Ohio 44120 from Jackson. Garrett subsequently made alterations to the units and opened a hair salon and a restaurant. The relationship between Garrett and Jackson soon deteriorated, resulting in increasing conflict.

{¶ 3} On December 6, 2021, Garrett filed a complaint in the Cuyahoga County Common Pleas Court. On June 17, 2022, Garrett filed a motion for partial summary judgment. The motion asserted that Jackson failed to respond to Garrett's request for admissions; thus, the following were admitted, in part: Jackson's actions against Garrett constituted a constructive eviction, Jackson breached the lease agreement, Jackson breached the duty of good faith and fair dealing with Garrett as it relates to the Kinsman Property, and Jackson breached the covenant of quiet enjoyment as it relates to the Kinsman Property. Jackson did not oppose the motion. On August 17, 2022, the trial court granted Garrett's motion for partial summary judgment.

{¶ 4} On June 28, 2023, after a hearing, the trial court issued an order awarding damages to Garrett. On July 25, 2023, Jackson filed a notice of appeal (*Jackson I*). Jackson, in *Jackson I*, asserted that the trial court erroneously prevented him from testifying at the damages hearing and from testifying regarding his own emotional and economic harm, deprived him of his right to a jury trial, and

erred when it relied on an unsigned lease agreement to determine damages. Jackson also alleged he was prejudiced by Garrett's failure to produce copies of receipts in a timely manner. The *Jackson I* Court found that the trial court erred when it did not allow Jackson to testify at the damages hearing pursuant to Jackson's first assignment of error. The court reversed and "remanded to the trial court to allow Jackson to testify at a new hearing on damages." *Id.* at ¶ 32. The remainder of Jackson's assignments of error were overruled.

{¶ 5} On December 3, 2024, the trial court held a de novo hearing on damages. On February 27, 2025, the trial court found the following, in relevant part:

Based upon evidence adduced at hearing, the court determines that [plaintiff] Gifted Garrett is entitled to damages for the following items:

$8,000.00 - Tint for windows and design on walls, Ex. B;

$1,000.00 - Cash portion of security deposit, Ex. C;

$3,000.00 - Salon doors, Ex. F;

$1,720.00 - Decals & sign, Ex. H;

$1,940.00 - Wall partition construction, Ex. I;

$1,300.00 - Electrical work, Ex. K;

$720.00 - Electrical work, Ex. L;

$2,720.00 - Paint, salon unit, Ex. M;

$1,585.00 - Front reception desk, Ex. O;

$2,095.00 - Back reception desk, Ex. O;

$400.00 - Perfect sound, Ex. P;

$1,356.26 - Convection oven, Ex. Q;

$2,194.00 - Refrigerator, Ex. Q;

Total amount of $28,030.26

Accordingly, judgment granted in favor of [Garrett] and against [Jackson] in the amount of $28,030.26, plus court costs, for which execution may issue.

{¶ 6} Jackson appeals from the trial court's order after the de novo hearing on damages. He raises the following assignments of error for our review:

1. The trial court violated Appellant's constitutional right to due process by denying him the opportunity to be heard, assert counterclaims, and meaningfully litigate.

2. The trial court erred in disregarding Appellant's timely lis pendens filings, thus failing to protect his legal interests in the disputed property.

3. The trial court improperly allowed Appellee to seek damages while labeling the property a "public nuisance," without resolving the contradiction.

4. The court erred in finding constructive eviction occurred in October 2021 despite evidence that Appellee retained possession well beyond that date.

5. The court improperly disregarded evidence that Appellee failed to pay rent while occupying the premises.

6. The court failed to enforce the default clause of the partially executed lease, despite established performance by both parties.

7. The trial court erred in excluding criminal court records showing Appellant was lawfully barred from accessing the premises.

8. The trial court violated Appellant's constitutional rights by confiscating his firearm and enforcing protective orders without due process.

9. The trial court deprived Appellant of his constitutional right to a jury trial despite a timely demand and lack of waiver.

10. The trial court disregarded remand instructions and denied Appellant's motion to file a counterclaim, contrary to appellate directive.

11. The trial court failed to impose sanctions on Appellee for frivolous conduct and misrepresentations, in violation of R.C. 2323.51.

12. The trial court admitted unauthenticated documentary evidence in violation of Ohio Evid.R. 901.

13. The trial court failed to comply with remand instructions, showing clear judicial bias and reversible error.

## II. Law and Analysis

### A. New Arguments on Appeal

{¶ 7} First, we address Jackson's second, third, fourth, fifth, sixth, seventh, tenth, eleventh, twelfth, and thirteenth assignments of error. These assignments of error present new arguments that were not raised in the case below.

{¶ 8} "'[A] party cannot present new arguments for the first time on appeal that were not raised below[.]'" *Johnson v. State Farm Mut. Auto. Ins. Co.*, 2024-Ohio-3187, ¶ 24 (8th Dist.), quoting *State v. Moore*, 2020-Ohio-3459, ¶ 58 (8th Dist.).

{¶ 9} In his second assignment of error, Jackson asserts that the trial court disregarded his lis pendens filings. However, Jackson never filed a lis pendens in this case.

{¶ 10} In his third assignment of error, Jackson asserts that the trial court "improperly allowed [Garrett] to seek damages while labeling the property a 'public nuisance,' without resolving the contradiction." There is nothing in the record showing that the trial court declared the property a public nuisance.

{¶ 11} In his fourth assignment of error, Jackson asserts that the trial court erred when it found that Garrett was constructively evicted because he maintained

possession and control of the premises after the constructive eviction date. However, Jackson never raised the argument with the trial court during the liability phase of the case that Garrett maintained possession and control of the premises after the constructive eviction date.

{¶ 12} In his fifth assignment of error, Jackson asserts that the trial court erred when it improperly disregarded evidence that Garrett failed to pay rent. However, Jackson never asserted that Garrett failed to pay rent. Jackson did state at the de novo damages hearing that "[Garrett] paid rent on — his girlfriend paid rent on a business that they never opened." (Tr. 277.)

{¶ 13} In this sixth assignment of error, Jackson asserts the trial court "failed to enforce the default clause of the partially executed lease, despite established performance by both parties." However, the record reflects that Jackson never raised this argument with the trial court.

{¶ 14} In his seventh assignment of error, Jackson asserts the trial court erred when it excluded criminal court records intended to rebut claims of abandonment or neglect showing he was barred from accessing the premises. However, the record does not show that Jackson attempted to introduce the records or that he made these assertions to the trial court.

{¶ 15} In his tenth assignment of error, Jackson asserts that the trial court erred when it relied on unauthenticated documents when it granted Garrett's motion for summary judgment. The record reflects that on June 17, 2022, Garrett filed a motion for partial summary judgment. Jackson never opposed the motion.

On August 17, 2022, the trial court granted Garrett's motion for partial summary judgment. Jackson never challenged the documentation submitted in support of Garrett's motion for partial summary judgment in the trial court.

{¶ 16} In his eleventh assignment of error, Jackson asserts that "[t]he trial court erred in awarding damages without proper legal or evidentiary support, and in disregard of the governing lease agreement." He further asserts that "[n]o expert testimony was provided" and "[n]o authenticated receipts, repair estimates, or verified photos were admitted into evidence." However, Jackson never asserted at the de novo damages hearing that expert testimony was necessary, he did not object to the admission of the evidence that Garrett submitted, and he did not assert that provisions in the lease agreement limited his liability.

{¶ 17} In his twelfth assignment of error, Jackson asserts that the trial court erred when it failed to impose sanctions on Garrett for frivolous conduct and misrepresentations in violation of R.C. 2323.51. The record does not show that Jackson made any claim pursuant to R.C. 2323.51 with the trial court.

{¶ 18} In his thirteenth assignment of error, Jackson asserts that the trial court violated his due-process rights by unlawfully seizing his property and infringed on his right to bear arms. Again, the record does not show that Jackson made any assertions with the trial court regarding the unlawful seizure of his property or his right to bear arms.

{¶ 19} Because they present new arguments that were not raised at the trial-court level, Jackson's second, third, fourth, fifth, sixth, seventh, tenth, eleventh, twelfth, and thirteenth assignments of error are overruled.

## B. The Law-of-the-Case Doctrine

{¶ 20} Next, we consider whether the law-of-the-case doctrine prevents us from considering Jackson's ninth assignment of error. The law-of-the-case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St. 3d 1, 3 (1984), citing *Gohman v. St. Bernard,* 111 Ohio St. 726, 730 (1924).

{¶ 21} In *Jackson I*, Jackson asserted that "[t]he trial court took [Jackson's] right to have a jury trial." The *Jackson I* Court found that Jackson waived his right to a jury demand when he neglected to demand a jury pursuant to Civ.R. 38(D). *Jackson* at ¶ 20. In his ninth assignment of error in this appeal, Jackson asserts that "[t]he trial court improperly denied [Jackson's] timely demand for a jury trial in violation of Civ.R. 38(D) and constitutional guarantees." We find that, pursuant to *Nolan*, the *Jackson I* decision regarding the right to a jury trial remains the law of the case and we are bound to follow it. Therefore, Jackson's ninth assignment of error is overruled.

## C. The Mandate Rule

{¶ 22} Lastly, we consider Jackson's first and eighth assignments of error, where Jackson asserts that the trial court failed to follow this court's *Jackson I*

mandate on remand. In his first assignment of error, Jackson asserts that the trial court erred when it would not allow him to file counterclaims or assert defenses on remand, violating his due-process rights. In his eighth assignment of error, Jackson asserts that the trial court erred when it would not allow him to file counterclaims on remand.

{¶ 23} This court has previously found that

> [u]nder the "mandate rule," a lower court must "carry the mandate of the upper court into execution and not consider the questions which the mandate laid at rest." *Sprague v. Ticonic Natl. Bank* (1939), 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184; *see, also, State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, at ¶ 32 ("We have expressly held that the Ohio Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals."). The lower court may, however, rule on issues left open by the mandate. *Id.* But *when the mandate leaves nothing left to decide, the lower court is bound to execute it. Id.*

(Emphasis added.) *State v. Carlisle*, 2010-Ohio-3407, ¶ 16 (8th Dist.).

{¶ 24} Jackson has not shown that the trial court failed to follow the *Jackson I* mandate on remand. In *Jackson I*, this court's order specifically states that the case is "remanded to the trial court to allow Jackson to testify at a new hearing on damages." *Id.* at ¶ 32. Thus, the mandate to the trial court on remand was limited to conducting a de novo hearing on damages and affording Jackson the opportunity to testify. The record reveals that the trial court complied with our express directives on remand. The *Jackson I* mandate did not include instructions to the trial court to allow Jackson to file counterclaims or assert defenses to Garrett's claims. Therefore, we find that the trial court followed this court's *Jackson I* mandate.

{¶ 25} For the reasons stated above, we find no merit to Jackson's first and eighth assignments of error. Therefore, Jackson's first and eighth assignments of error are overruled.

{¶ 26} Jackson's status as a pro se litigant does not excuse the deficiencies in his appeal. In Ohio, "pro se litigants are held to the same standard as all other litigants: they [] must accept the consequences of their own mistakes." *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996).

{¶ 27} For the reasons stated above, Jackson's assignments of error are overruled and the trial court's February 27, 2025 award of damages is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were no reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR